|  |  |
|---|---|
| | Hearing Date and Time:<br>September 24, 2015 at 10:00 a.m. |
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Objection Deadline Date and Time:<br>September 17, 2015 at 4:00 p.m. |

------------------------------------x
In re                                           :   Chapter 7
                                                :
WALLY CHIN,                                     :   Case No. 12-11902 (SMB)
                                                :
                        Debtor.                 :
                                                :
------------------------------------x

## NOTICE OF HEARING ON CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER APPROVING A SETTLEMENT AGREEMENT PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") will be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, on **September 24, 2015 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, to consider the Chapter 7 Trustee's Motion for Approval of a Settlement Agreement Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that, as more particularly set forth in the Motion, the Trustee is seeking authority to enter into a settlement agreement (the "Settlement Agreement") with the Debtor and defendants in Adv. 14-01943, Elaine N. Chin ("E. Chin"), James G. Chin ("J. Chin") and Angela Chun ("A. Chun," together with the Debtor, E. Chin and J. Chin, the "Defendants").

**PLEASE TAKE FURTHER NOTICE** that you do not need to appear at the Hearing if you do not object to the relief requested in the Motion.

26555558v2

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

**PLEASE TAKE FURTHER NOTICE** that any response to the Motion must be made in writing, state with particularity the grounds therefore, shall conform to the United States Bankruptcy Rules and the Local Rules of the Bankruptcy Court, include in the upper right hand corner of the caption, the ECF docket number to which the filing relates, and shall be served upon; (ii) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014 (Attention: Brian S. Masumoto, Esq.); and (iii) counsel for the Trustee, Troutman Sanders LLP, 875 Third Avenue, New York, New York 10022 (Attn: John P. Campo, Esq.), and electronically filed with the Clerk of the Court through the court's website at www.nysb.uscourts.gov, in accordance with General Order M-399 (General Orders and the User's Manual for the Electronic Case Filing System with a copy to the Chambers of the Honorable Stuart M. Bernstein, together with proof of service thereof, so as to be received no later than **4:00 p.m. Eastern Time on September 17, 2015 (the "Objection Deadline")**.

**PLEASE TAKE FURTHER NOTICE** that unless responses are received by the Objection Deadline as set forth herein, the relief may be granted as requested in the Motion.

Dated: New York, New York
September 3, 2015

                                               TROUTMAN SANDERS LLP

                                               By:  *s/John P. Campo*
                                                   John P. Campo
                                                   875 Third Avenue
                                                   New York, New York 10022
                                                   Telephone: (212) 704-6075

                                               *Counsel for the Trustee*

26555558v2

|  |  |
|---|---|
| | Hearing Date and Time:<br>September 24, 2015 at 10:00 a.m. |
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Objection Deadline Date and Time:<br>September 17, 2015 at 4:00 p.m. |

------------------------------------x
In re                                 :    Chapter 7
                                      :
WALLY CHIN,                           :    Case No. 12-11902 (SMB)
                                      :
                 Debtor.              :
------------------------------------x

**CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER APPROVING
A SETTLEMENT AGREEMENT PURSUANT TO SECTION 105 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 9019**

Pursuant to Rules 9019(a) and 7041(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), John S. Pereira, as chapter 7 trustee (the "Trustee") for the estate of Wally Chin (the "Debtor"), hereby moves (the "Motion") this Court, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101, *et. seq.* (the "Bankruptcy Code") and Bankruptcy Rule 9019(a), for an order approving a settlement agreement (the "Settlement Agreement") entered into by and between the Trustee and defendants the Debtor, Elaine N. Chin ("E. Chin"), James G. Chin ("J. Chin") and Angela Chun ("Chun," together with the Debtor, E. Chin and J. Chin, the "Defendants," and together with the Trustee, the "Parties"). The Trustee also seeks, pursuant to Bankruptcy Rule 7041(a), authorization to dismiss the adversary proceeding (Adv. No. 14-01943-SMB) (the "Adversary Proceeding"), following complete performance by the Defendants of all duties and obligations arising under the Settlement Agreement. In support of this motion, the Trustee represents as follows:

**Jurisdiction**

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) in that it is a matter concerning the

26555558v2

administration of the Debtor's estate. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 9019(a) and 7041(a).

## Background

3.  On May 4, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

4.  On May 4, 2012, the Trustee was appointed as the chapter 7 trustee for the Debtor's estate.

## The Adversary Proceeding

5.  On or about May 2, 2014, the Trustee filed a complaint (the "Complaint"), which was amended on September 29, 2014 (the "Amended Complaint") against the Defendants seeking (i) the avoidance and preservation of the Chun Transfer[1] and Restaurant Transfer, or alternatively, the Chin Transfer, and (ii) directing the Chun Transfer and Restaurant Transfer, the Chin Transfer be set aside for the benefit of the Debtor's estate or, alternatively, awarding the Debtor's estate the value of the Chun Transfer and the Restaurant Transfer, or alternatively, the Chin Transfer, and (iii) granting the Trustee a declaratory judgment (the "Adversary Proceeding").

6.  On June 6, 2014 and October 14, 2014, respectively, the Debtor filed his answer with affirmative defenses to the Complaint and the Amended Complaint [Adv. Dkt. Nos. 6 and 31].

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Amended Complaint.

26555558v2

7. On June 20, 2014 and October 14, 2014, respectively, Chun filed her answer with affirmative defenses to the Complaint and the Amended Complaint [Adv. Dkt. Nos. 8 and 30].

8. On October 20, 2014, E. Chin and J. Chin filed their answer with affirmative defenses to the Amended Complaint [Adv. Dkt. No. 34].

9. On November 20, 2014, the Court entered its Initial Discovery and Scheduling Order [Adv. Dkt. No. 35], which was amended on May 5, 2015 by the Second Discovery Scheduling Order [Adv. Dkt. No. 41].

10. The Parties engaged in discovery and at the same time entered into negotiations to settle the Adversary Proceeding. Based upon representations made by the Defendants to the Trustee that the Interest in the Restaurant that was transferred and is the subject of the Adversary Proceeding is of minimal value due to the fact that the Restaurant is closed, the Trustee determined that it would be in the best interest of the Debtor's estate to settle the Adversary Proceeding in exchange for the maximum amount of cash that the Defendants were willing to pay. As a result of these negotiations, the Trustee reached an agreement with the Defendants upon the terms set forth below.

## Proposed Settlement

11. After the Parties' negotiations, the Trustee reached a settlement with the Defendants, pursuant to which the Defendants will pay to the Debtor's estate the aggregate settlement amount of $16,500 (the "Settlement Amount") in accordance with the terms of the Settlement Agreement annexed hereto as Exhibit "A."

12. The Defendants will not assert any filed or unfiled claims, including any section 502(h) claim, whatsoever against the Debtor or the Debtor's estate, and any claim filed or

unfiled, including a section 502(h) claim, prior to the approval of the Bankruptcy Court and the effectiveness of the Settlement Agreement will be deemed expunged.

13. Pursuant to the terms of the Settlement Agreement, and in exchange for the payment of the Settlement Amount, the Trustee will release the Debtor's estate claim against the Defendants as further reflected in the Settlement Agreement. The Settlement Agreement does not become effective until it is approved by this Court.

### Dismissal of the Adversary Proceeding

14. Pursuant to Bankruptcy Rule 7041(a), the Trustee further requests this Court authorize the dismissal of the Adversary Proceeding, with prejudice, by the Trustee filing a stipulation of dismissal following performance by the Defendants of their duties and obligations under the Settlement Agreement.

### The Settlement Agreement Should Be Approved Because It Falls Within The Range of Reasonableness

15. Entry into the Settlement Agreement is in the best interest of the Debtor's estate and should be approved under Bankruptcy Rule 9019 and section 105(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Settlement Agreement is in the Debtor's estate best interest and should be approved under Bankruptcy Rule 9019. Bankruptcy Rule 9019(a) provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). In granting a motion pursuant to Rule 9019(a), a court must find that the proposed settlement is fair and equitable and is in the best interest of the estate. Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968); Fisher v. Pereira (In re 47-49 Charles St., Inc.), 209 B.R. 618, 620 (S.D.N.Y. 1997); In re Ionosphere

26555558v2

Clubs, Inc., 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd, 17F.3d 600 (2d Cir. 1994). In re Mrs. Weinberg's Kosher Foods, Inc., 278 B.R. 358, 365 (Bankr. S.D.N.Y. 2002); In re MF Global Inc., Case No. 11-2790 2012 WL 3242533 at *5 (Bankr. S.D.N.Y. Aug 10 2012).

16.   The decision to approve or deny a particular settlement involving a bankruptcy estate lies within the sound discretion of the bankruptcy court. See In re Drexel Burnham Lambert Group, Inc., 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); see also Nellis v. Shugrue, 165 B.R. 115, 122-123 (S.D.N.Y. 1994). It is the responsibility of a court to examine a settlement and determine whether it "falls below the lowest point in the range of reasonableness. In re Adelphia Commc'n Corp., 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (*quoting* In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983));   The Court need not "conduct a mini-trial" but rather "only need be apprised of those facts that are necessary to enable it to evaluate the settlement and make a considered and independent judgment. In re Adelphia, 327 B.R. at 159. Additionally, a court may exercise its discretion "in light of the general public policy favoring settlements." In re Hibbard Brown & Co., Inc., 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).

17.   In deciding whether a particular settlement falls within the "range of reasonableness," courts in the Second Circuit consider the following factors: (a) the probability of success in the litigation; (b) the difficulties associated with collection; (c) the complexity of the litigation, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors. Nellis, 165 B.R. at 122 (citing In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 292 (2d Cir. 1992)).

18.   While a court must evaluate "all . . . factors relevant to a fair and full assessment of the wisdom of the proposed compromise," Anderson, 390 U.S. at 424-25, a court need not conduct a mini-trial of the merits of the claims being settled, W.T. Grant Co., 699 F.2d at 608, or

conduct a full independent investigation. <u>In re Drexel Burnham Lambert Group, Inc.</u>, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991). "[T]he bankruptcy judge does not have to decide the numerous questions of law and fact . . . . The court need only canvass the settlement to determine whether it is within the accepted range of reasonableness." <u>Nellis</u>, 165 B.R. at 123 (internal citations omitted).

19. The court may give weight to the informed judgment of the trustee that a compromise is fair and equitable. <u>In re Purofied Down Prods. Corp.</u>, 150 B.R. 519, 522 (S.D.N.Y. 1993); accord <u>In re Ashford Hotels Ltd.</u>, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness . . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other."). The Trustee believes that the Settlement Agreement satisfies the standard for approval.

20. The Settlement Agreement is fair and equitable, falls well within the range of reasonableness, and enables the Trustee and the Defendants to avoid the costs of further litigation. The undertaking of more litigation in the Adversary Proceeding, as opposed to the settlement, would be an unnecessary drain on the resources of the Debtor's estate and would divert the attention from the current efforts to maximize the value of the Debtor's estate.

21. The value accruing from the Settlement Agreement, including the elimination of potential litigation costs and the guarantee of immediate payment of a definite amount, represents a benefit to the Debtor's creditors and all parties in interest. The Court should approve the Settlement Agreement pursuant to Bankruptcy Rule 9019.

22. No prior motion has been filed for the relief requested herein.

26555558v2

## Notice

23.     Notice of this Motion has been provided to (i) Office of the United States Trustee for the Southern District of New York (Attn: Brian S. Masumoto, Esq.), (ii) counsel to the Settling Defendants, (iii) all creditors; and (iv) all parties who have filed a notice of appearance in this case.  The Trustee submits that no further notice of this Motion need be given.

## Conclusion

For all of the foregoing reasons, the Settlement Agreement falls well within the requisite standards for approval, and therefore, the Trustee respectfully request that the Court enter the proposed order granting the Motion and approving the Settlement Agreement, attached hereto as Exhibits "B," and granting such other and further relief as it deems just and proper.

Dated: New York, New York  
       September 3, 2015

TROUTMAN SANDERS LLP

By:  *s/ John P. Campo*  
John P. Campo  
875 Third Avenue  
New York, New York 10022  
Tel.: (212) 704-6000

*Counsel to the Trustee*

26555558v2

# EXHIBIT A

# SETTLEMENT AGREEMENT

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- x
In re                                              : Chapter 7
                                                   :
WALLY CHIN,                                        : Case No. 12-11902 (SMB)
                                                   :
            Debtor.                                :
------------------------------------------------- x
JOHN S. PEREIRA, Chapter 7 Trustee for the        :
Estate of Wally Chin,                              :
                                                   : ADV. NO. 14-01943 (SMB)
            Plaintiff,                             :
                                                   :
vs.                                                :
                                                   :
WALLY CHIN, ELAINE N. CHIN, JAMES G.              :
CHIN AND ANGELA CHUN,                              :
                                                   :
            Defendants.                            :
------------------------------------------------- x

## SETTLEMENT AGREEMENT

This settlement agreement ("Settlement Agreement") is made and entered into as of this 1st day of September, 2015, by and between John S. Pereira, as chapter 7 trustee (the "Trustee") for the Estate of Wally Chin (the "Debtor"), the Debtor, Elaine N. Chin ("E. Chin"), James G. Chin ("J. Chin") and Angela Chun ("Chun, together with the Debtor, E. Chin and J. Chin, the "Defendants," and together with the Trustee, each a "Party" and collectively the "Parties").

## W I T N E S S E T H:

WHEREAS, on May 2, 2014, the Trustee filed a complaint [Adv. No. 14-01943] (the "Complaint"), which was amended on September 29, 2014 (the "Amended Complaint"), against the Defendants seeking (i) the avoidance and preservation of the Chun Transfer[1] and Restaurant Transfer, or alternatively, the Chin Transfer, and (ii) directing that the Chun Transfer and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Amended Complaint.

26383888v4

Restaurant Transfer, or alternatively, the Chin Transfer be set aside for the benefit of the Debtor's estate or, alternatively, awarding the Debtor's estate the value of the Chun Transfer and the Restaurant Transfer, or, alternatively, the Chin Transfer; and (iii) granting the Trustee a declaratory judgment (the "Adversary Proceeding").

WHEREAS, on June 6, 2014 and October 14, 2014, respectively, the Debtor filed his answer with affirmative defenses to the Complaint [Doc. No. 6] and the Amended Complaint [Doc. No. 31]; and

WHEREAS, on June 20, 2014 and October 14, 2014, Chun filed her answer with affirmative defenses to the Complaint [Doc. No. 8] and the Amended Complaint [Doc. No. 30]; and

WHEREAS, on October 20, 2014, the Defendants E. Chin and J. Chin filed their answer with affirmative defenses to the Amended Complaint [Doc. No. 34]; and

WHEREAS, on November 20, 2014, the Court entered its Initial Discovery and Scheduling Order [Doc. No. 35]; and

WHEREAS, on May 5, 2015, the Court entered its Second Discovery Scheduling Order [Doc. No. 41]; and

WHEREAS, the Court has entered various Orders extending the deadline for the Trustee to object to the Debtor's discharge (the "Discharge Deadline"), and the current Discharge Deadline is October 15, 2015; and

WHEREAS, based upon the Parties' negotiations, the Parties have reached a proposed settlement of the Adversary Proceeding as set forth herein;

26383888v4

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. In settlement of the Adversary Proceeding, the Defendants shall deliver to the Trustee, upon execution and delivery of this Settlement Agreement, a bank or certified check in the aggregate amount of sixteen thousand five hundred ($16,500) US Dollars (the "Settlement Amount") made payable to "John S. Pereira, as Trustee," for the benefit of the Debtor's estate, care of its counsel, Troutman Sanders LLP, 875 Third Avenue, New York, NY 10022; Attn: Reyko E. Delpino, Paralegal. Upon receipt, the Trustee shall hold the Settlement Amount in escrow pending approval of this Settlement Agreement by the Bankruptcy Court.

2. The Trustee agrees that upon Bankruptcy Court Approval of this Settlement Agreement and full payment of the Settlement Amount by the Defendants as set forth in paragraph 1 above, the Trustee will not object to the Debtor's discharge or seek any further extensions of the Discharge Deadline and will close the Debtor's 341 meeting of creditors.

3. The Defendants agree that upon this Settlement Agreement being approved by the Bankruptcy Court and becoming effective, the Defendants will not assert any claim of any sort, including any 502(h) claim, against the Trustee or the Debtor's estate, and that any claim filed by the Defendants prior to the approval of this Settlement Agreement by the Bankruptcy Court and the effective date of the Settlement Agreement will be deemed expunged.

4. In consideration for the Settlement Amount, effective upon receipt of the Settlement Amount and the approval of this Settlement Agreement by the Bankruptcy Court, the Trustee releases, acquits, and forever discharges the Defendants from any and all claims, causes of action, suits, debts, liens, obligations, liabilities, demands, losses, costs and expenses

26383888v4

(including attorneys' fees) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that the Trustee and/or the Debtor's estate may have or claim to have against the Defendants, including any and all claims arising out the Adversary Proceeding.

5. Upon approval of this Settlement Agreement by the Bankruptcy Court, the Defendants release, acquit, and forever discharge the Trustee and the Debtor's estate, from any and all claims, causes of action, suits, debts, liens, obligations, liabilities, demands, losses, costs and expenses (including attorneys' fees) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, filed or unfiled, that the Defendants may have or claim to have against the Trustee and/or the Debtor's estate, including any and all claims arising out the Adversary Proceeding.

6. This Settlement Agreement constitutes the entire agreement and understanding between the parties relating to the subject matter contained herein, and this Settlement Agreement may not be altered, amended, or modified in any respect or particular whatsoever, except by a writing duly executed by the Parties hereto or their successors in interest.

7. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their legal representatives, successors, assigns, heirs, personal representatives, and predecessors in interest but only after it has been approved by the Bankruptcy Court.

8. This Settlement Agreement may be executed in several counterparts, each of which shall be an original, so that all of which taken together shall constitute one and the same instrument. Facsimile signatures emailed in portable document format (.PDF) shall be acceptable and deemed binding on all parties hereto as though they were originals.

9. The Trustee and the Defendants acknowledge and agree that this Settlement Agreement is being executed and delivered as part of the compromise and settlement of disputed

claims, including a full and final settlement of the claims arising from the Chun Transfer, Restaurant Transfer, Chin Transfer and the Adversary Proceeding. The Trustee and the Defendants also each acknowledge and represent that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Settlement Agreement or, alternatively, have had an opportunity to retain the services of independent legal counsel and have affirmatively elected not to do so, that they have read, know and understand completely the contents hereof, and that they have voluntarily executed the same. The Parties further hereby each acknowledge that they have had input into the drafting of this Settlement Agreement or, alternatively, have had an opportunity to have input into the drafting of this Settlement Agreement. Accordingly, in any construction to be made of this Settlement Agreement, it shall not be construed for or against any Party, but rather shall be given a fair and reasonable interpretation, based on the plain language of the Settlement Agreement and the expressed intent of the Parties.

10.     The Parties agree that this Settlement Agreement will not become effective until an order approving it is entered by the Bankruptcy Court, and that order is no longer subject to appeal. Upon execution of the Settlement Agreement and receipt of the Settlement Amount, the Trustee shall file a motion seeking the approval by the Bankruptcy Court of this Settlement Agreement (the "Motion"). If within ninety (90) days after the Motion is filed, or such other time period as agreed by the Parties, the Bankruptcy Court, through no fault of the Parties, does not enter an order approving this Settlement Agreement then the Trustee shall return the Settlement Amount to the Defendants, and the Parties shall revert to their respective positions as if this Settlement Agreement had not existed or been executed, and nothing contained in this Settlement Agreement, the Motion seeking Bankruptcy Court approval of this Settlement

26383888v4

Agreement or the arguments of counsel and the statements of the Parties in support of Bankruptcy Court approval of this Settlement Agreement shall be deemed admissible for any purpose or used by either Party to the prejudice of the other Party in any subsequent litigation.

11. Promptly after the Bankruptcy Court approves the Settlement Agreement and the time for all appeals has lapsed, the Trustee will file a stipulation of dismissal of the Adversary Proceeding with prejudice.

12. This Settlement Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and the laws of the State of New York.

13. Any dispute, action or proceeding arising out of or relating to this Settlement Agreement shall be within the exclusive jurisdiction of the Bankruptcy Court.

14. The undersigned hereby represent and warrant that they are authorized to execute this Settlement Agreement and any other documents that are hereafter deemed necessary to effectuate this Settlement Agreement on behalf of themselves or their respective clients.

IN WITNESS WHEREOF the parties hereto have caused this Settlement Agreement to be executed as of the day and year first above written.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

26383888v4

| | |
|---|---|
| Dated: New York, New York<br>August 31, 2015 | Dated: New York, New York<br>August 28, 2015 |
| TROUTMAN SANDERS LLP | LAW OFFICES OF ETHAN GANC |
| By: */s/ John P. Campo*<br>John P. Campo<br>875 Third Avenue<br>New York, New York 10022<br>Tel.: (212) 704-6078 | By: */s/ Ethan D. Ganc*<br>Ethan D. Ganc<br>99 Madison Ave., Ste. 5009<br>New York, New York 10016<br>Tel.: (212) 929-7500 |
| *Counsel for the Trustee* | *Attorneys for the Debtor* |
| Dated: New York, New York<br>September 1, 2015 | Dated: Brooklyn, New York<br>August 31, 2015 |
| J. SINGER LAW GROUP, PLLC | THE LAW OFFICE OF ANTHONY VASALLO |
| By: */s/ Jeb Singer*<br>Jeb Singer<br>222 Broadway, 19th Floor<br>New York, New York 10038<br>Tel. (917) 806-5832 | By: */s/ Anthony M. Vassallo*<br>Anthony M. Vassallo<br>305 Fifth Avenue, #1B<br>Brooklyn, New York 11215<br>Tel: (347) 464-8277 |
| *Attorneys for Defendants E. Chin and J. Chin* | *Attorneys for Defendant Chun* |

26383888v4

# EXHIBIT B

# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

In re                                           :   Chapter 7
                                                :
WALLY CHIN,                                     :   Case No. 14-01943 (SMB)
                                                :
                        Debtor.                 :
                                                :
------------------------------------------------------------ x

### ORDER APPROVING CHAPTER 7 TRUSTEE'S MOTION TO APPROVE A SETTLEMENT AGREEMENT PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND <u>BANKRUPTCY RULE 9019</u>

This matter coming before the Court on September 24, 2015 (the "Hearing") upon the motion of John S. Pereira, as chapter 7 trustee (the "Trustee") for the estate of Wally Chin (the "Debtor"), for entry of an Order (the "Order") Approving A Settlement Agreement Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 (the "Motion") **[Dkt. No. ___]**; and the Court having reviewed the Motion; and no objections having been filed to the Motion; and it appearing to the Court that it (i) has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and upon the record of the Hearing, including representation of counsel for the Trustee; and proper notice of the Motion having been given; and the Court having found that the Settlement Agreement reflects a reasonable exercise of the Trustee's business judgment and is in the best interest of the Debtor's estate; it is hereby

**ORDERED** that the relief sought by the Motion is granted; and it is further

**ORDERED** that the Trustee is hereby authorized to enter into the Settlement Agreement with the Defendants, a copy of which is attached to the Motion as Exhibit A; and it is further

**ORDERED** that the terms of the Settlement Agreement are approved; and it is further

**ORDERED** that the Court will retain jurisdiction to consider any disputes or other issues

26555558v2

that may arise relating to this Order and/or the Settlement Agreement; and it is further

**ORDERED** that the Trustee is hereby authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of the Settlement Agreement and this Order.

Dated: New York, New York
September __, 2015

_____**PROPOSED**_____
UNITED STATES BANKRUPTCY JUDGE

26555558v2